77,246-11

FROM: DRAKE L. WILLIS
BN # 15057233
NORTH 5E 09
P.O. BOX 660334
DALLAS, TEXAS 75266-0334

DATE: OCTOBER 21, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 30 2015
Abel Acosta, Clerk

TO: THE JUSTICES OF
THE COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

RE: NOTICE, CHANGE OF ADDRESS, PREVIOUS NOTICE, IN EXPARTE DRAKE L. WILLIS, WR-77,246-11, TRIAL COURT CAUSE NUMBER F08-24020, IN THE DISTRICT COURT OF DALLAS COUNTY.

TO THE HON., LOUISE PEARSON, CLERK:

I'M INFORMING YOU OF MY NEWLY ABOVE ADDRESS DO TO BENCH WARRANT, ALSO OF ANY RESPONSE GIVEN BY THE COURT CONCERNING RELATOR'S DATED: SEPTEMBER 17, 2015, "LETTER APPLI-CATION FOR ISSUANCE OF A WRIT OF MANDAMUS" THAT MAY HAVE BEEN FOWARDED TO OLD ADDRESS, AND IF SO, PLEASE FOWARD TO NEW ADDRESS.

IN ADDITION TO THAT, WOULD YOU PLEASE INFORM THIS COURT, THAT ON SEPTEMBER 24, 2015, RELATOR WAS INFORMED BY HON., ATTORNEY CATHERINE CLARE BERNHARD, P.O. BOX 2817, RED OAK, TEXAS 75154, Ph: 972-617-5548; Fax: 972-421-1604; site: cbernhard@sbcglobal.net OF APPOINTED REPRESENTATION BY TRIAL COURT DO TO THIS COURT'S AUGUST 26, 2015 "ORDER" (SEE THIS COURT'S AUGUST 26, 2015 ORDER AND ATTACHED SEPTEMBER 24, 2015 NOTICE FROM APPOINTED ATTORNEY).

DO TO BENCH WARRANT, IMPORTANT LEGAL LITERATURE AND —

(CC)

pg. 1

MATERIALS WERE CONFISCATED BY THE ARRESTING AGENCY OF DALLAS COUNTY, DALLAS TEXAS, WHICH WILL MAKE ANY CORRESPONDENCE TO THIS COURT, DELAYED AND WITH DIFFICULTIES, DO TO RELATORS INDIGENCY CONDITIONS AND THIS AGENCY'S MINIMAL LOANING OF LEGAL SUPPLIES, 3 ENVELOPES AND 3 SHEETS OF PAPER PER CALENDAR WEEK, ALSO WHICH RELATOR HAS GRIEVANCED THE UNLAWFUL CONFISCATING OF SAID MATERIAL ON OCTOBER 22, 2015.

ON WEDNESDAY, OCTOBER 21, 2015, RELATOR HAD AN VISIT WITH SAID ATTORNEY. COUNSEL GAVE NOTICE TO RELATOR CONCERNING THESE ISSUES: [1] THE TRIAL COURT IS CONSIDERING NOT TO HOLD A HEARING; [2] THE TRIAL COURT WILL MAKE FINDINGS, THAT RELATOR'S 11.07, WRIT WAS MISPLACED AND WILL SECTION 4(a), RELATOR'S APRIL 4, 2013 WRIT; [3] THE TRIAL COURT WOULD CONSIDER RELATOR'S LOST IN THE MAIL "DECEMBER 08, 2011, 11.07 WRIT, OF INEFFECTIVE ASSITANCE OF COUNSEL; [4] AND THAT RELATOR WILL SOON RETURN TO TDCJ-CID.

RELATOR CONTENDS THESE MATTERS TO THIS COURT UNDER V.A.C.C.P. ART. 11.07, § 3(b), WHICH IS A MANDATED LAW. WITHOUT SUCH HEARING(S) NO FACTS WILL BE ESTABLISHED THAT CARRIES TRUE MERITS, TO ANY CLAIMS CONCERNING RELATOR'S "ORIGINAL" MAY 22, 2015, WRIT OF MANDAMUS (SEE THIS COURT'S RECORD OF RELATOR'S MAY 22, 2015, MANDAMUS). THIS COURT GAVE ITS "ORDER" CONCERNING THE ISSUES OF RELATOR'S CLAIMS (SEE THIS COURT'S AUGUST 26, 2015, ORDER) AFTER, THE RESPONDENT GAVE AN MISLEADING, AND INCORRECT STATEMENT TO THIS COURT CONCERNING ITS "ORDER"—

(CC)

pg. 2

JULY 22, 2015, THAT RESPONDENT HAD NO RECORD OF RELATOR'S APRIL 4, 2013, 11.07, WRIT APPLICATION, RELATOR THEN INFORMED THIS COURT ON OCTOBER 12, 2015, WITH AN ATTACHED NOTICE FROM THE RESPONDENT, SHOWING THIS COURT, THAT RESPONDENT'S STATEMENTS ARE NOT FACTUALLY TRUE (SEE THIS COURT'S JULY 22, 2015, ORDER AND RESPONDENT'S RESPONSE TO THAT ORDER) (SEE THIS COURT'S RECORD OF RELATOR'S DATED OCTOBER 12, 2015 NOTICE).

ANY FINDINGS MADE BY THE TRIAL COURT WITHOUT THE HOLD-INGS OF FAIR HEARINGS, IS HEREBY OPPOSED BY RELATOR, AFTER RELATOR HAS MET THE TRUE BURDENS THROUGHOUT HIS CORRE-SPONDENCE WITH THIS COURT ON OCTOBER 12, 2015, AND THE TRIAL COURT HAS MET NOW, AND PRESENTED NO PROOF TO ANY MATTERS, CONCERNING RELATOR'S FILINGS OF PREVIOUS SUPPLEMENTAL APP-LICATION'S OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS UNDER WRIT OF HABEAS CORPUS V.A.C.C.P. ART. 11.07, § 3(b). IF THE TRIAL COURT ELECTS TO MAKE ANY FINDINGS OF SECTION 4(a), TO RELATOR'S APRIL 04, 2013, SUPP. APP. WRIT OF 11.07, IT WILL BE AN UNTRUE FINDING DO TO THIS COURT HAVING NOT RESOLVED THE ISSUE UNDER MANDAMUS CONCERNING RELATOR'S DECEMBER 08, 2014, WRIT OF 11.07, LOST IN THE MAIL AND THE STATEMENT WITHIN THE RESPONDENT, GARY FITZSIMMONS, APRIL 10, 2014, "AFFIDAVIT" Pgs. 2, 3, WHICH RESPONDENT STATED, "THE APPLICANT HAS TWO OPEN WRITS W08-24020-A AND W08-24020-B, WHICH SHOWS RELATOR'S ORIGINAL APPLICATION OF A WRIT OF 11.07, HABEAS CORPUS WAS AT THE TIME OF THE FILING OF HIS APRIL 4, 2013 WRIT 11.07, WAS OPEN AS DEEMED BY AFFIDAVIT OF THE RESPONDENT CLERK (SEE THIS COURT'S RECORD OF RESPONDENT'S APRIL 10, 2014 "AFFIDAVIT" IN HIS "RESPONSE TO SHOW CAUSE ORDER).

Pg. 3

IF THE TRIAL COURT ELECTS TO CONSIDER RELATOR'S DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION WRIT OF 11.07, HABEAS CORPUS, THAT WAS LOST IN THE MAIL AS BEING TIMELY FILED, RELATOR DOES NOT OPPOSE THE CONSIDERATION OF THE SAID WRIT, BUT ~~ASK~~ REQUEST THIS COURT TO CONSIDER OR RECONSIDERATION TO ANY OF RELATOR'S 11.07, WRIT'S THAT HAS BEEN SECTION 4(a) AND THE RESOLVEMENT OF THE WRIT COMPLETELY WHILE RELATOR IS HERE ON BENCH WARRANT, DO TO THE DECEMBER 08, 2011 WRIT IS AN IN-EFFECTIVE ASSISTANCE COUNSEL CLAIM WHICH ALSO DEEMS AN EVIDENTIARY HEARING UPON REQUEST BY RELATOR AND BY HABEAS CORPUS KEY 742 WHICH STATES: "EVIDENTIARY HEARING ON A HABEAS CORPUS PETITION IS REQUIRED WHENEVER A PETITIONER'S ALLEGATIONS, IF PROVED, WOULD ENTITLE HIM TO RELIEF, AND NO STATE COURT TRIER OF FACT HAS, AFTER A FULL AND FAIR HEARING, RELIABLY FOUND THE RELE-VANT FACTS" (SEE THIS COURT'S RECORD OF RELATOR'S DEC. 08, 2011, 11.07 WRIT). WITHIN THAT WRIT, RELATOR RE-QUESTED AN EVIDENTIARY HEARING, AND OPPOSED THE DEVELOPMENT OF THE FACTS VIA AN AFFIDAVIT, BECAUSE AFFIDAVITS CANNOT BE CROSS-EXAMINED. IF THE TRIAL COURT CONSIDERS THE DEC. 08, 2011, WRIT, THEN EVENTUALLY AN EVIDENTIARY HEARING WILL HAPPEN. MY REQUEST TO THIS COURT IS, ALLOW THAT TO OCCUR WHILE RELATOR IS HERE ON BENCH WARRANT, AND NOT HAVE TO BE SUBJECT TO BENCH WARRANT AGAIN, WHICH IS A WASTE OF TAX PAYERS MONEY.

(CC)

RELATOR, FURTHER CONTENDS TO THIS COURT, IF THIS COURT WOULD ELECT TO REVIEW ALL OF IT'S RECORDS INCONJUNCTION WITH RELATOR'S ABOVE CAUSE NUMBER, THIS COURT WOULD SEE THE FACT THAT RELATOR HAS BEEN VERY DILIGENT AND PATIENT IN ALL PROCEEDINGS. TRULY THIS HAS BEEN AN OVERLY UNBEARABLY SITUATION FOR RELATOR TO HAVE ENDURED. UPON THIS NOTICE TO THIS COURT, RELATOR WILL PROCEED TO THE HIGHER COURTS IN THE MANNER OF USC 1983 SUIT CONCERNING HIS V.A.C.C.P. ART. 11.07, WRIT APPLICATIONS, IF THE TRIAL COURT ELECTS TO DO ANY OF THE THINGS RELATOR LISTED PREVIOUSLY, WHICH HE OPPOSES. THEREFORE, RELATOR AGAIN, REQUESTS THAT THIS COURT WOULD ISSUE A WRIT OF MANDAMUS TO COMPELL THE RESPONDENT COURT TO COMPLY WITH THE MANDATE OF ARTICLE 11.07 V.A.C.C.P.

RELATOR BELIEVES THAT THIS MATTER IS EITHER WITHIN ANOTHER COURT OR CONSIDERED BY ANOTHER JUDGE, WHICH RELATOR WASN'T TOLD ABOUT THE CHANGE OF VENUE NOR GIVEN THE OPTION TO CHANGE JURISDICTION IN THIS MATTER. RELATOR HAS ALSO REQUESTED FOR THE APPOINTED COUNSEL TO DISCLOSE HER STATE BAR NUMBER. RELATOR AT VISIT HAS ALSO REQUESTED FOR COUNSEL TO CONTACT THIS COURTS CLERK FOR RECORDS OF WRITS 11.07, RELATOR'S MANDAMUS APPLICATIONS, COPY OF RESPONDENT'S AFFIDAVIT AND MAY 02, 2013 NOTICE LETTER TO RELATOR SHOWING THAT RESPONDENT HAD RECEIVED RELATOR'S APRIL 4, 2013, 11.07, WRIT APPLICATION BUT RETURNED IT TO RE-LATOR. AGAIN, RELATOR REQUESTS THIS COURT TO INQUIRE INTO THE MATTER UNDER THE MANDATE OF ARTICLE V.A.C.C.P. 11.07.

(CC)

Pg. 5